MARGARET MAHONY, Appellant, *v.* CITY OF LONG BEACH, Respondent.

County Court, Nassau County, July 10, 1946.

*Morris Alfred Vogel* for appellant.

*Nelson K. Scherer, Corporation Counsel,* for respondent.

COLLINS, J. A cause of action in tort for negligence causing injuries arose September 7, 1945. Notice of claim was served on the defendant city on November 9, 1945. The complaint was dismissed on motion by the defendant for summary judgment upon the ground that the notice was not served within sixty days as required by section 50-e of the General Municipal Law. The plaintiff appeals from the judgment.

Prior to the enactment of that section (eff. Sept. 1, 1945) the defendant city had adopted a local law requiring notice in such a case to be served within *three months* after the accident (Local Laws, 1931, No. 3 of City of Long Beach).

Chapter 694 of the Laws of 1945 (§§ 13, 14), which enacted section 50-e of the General Municipal Law, provided that it (1) " shall supersede inconsistent provisions of any general, special or local law, or charter provisions, and shall be controlling "; and (2) " shall take effect September first, nineteen hundred forty-five, and shall apply to claims * * * which were not barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five, but the periods now limited for the delivery of a notice of claim shall apply to all claims which arise prior to that date."

This statute is quite clear: (1) as to claims which arose prior to September 1, 1945, and had not been barred, the new statute did not apply, and they were controlled by the periods limited in the applicable laws theretofore in effect; (2) as to claims arising on or after September 1, 1945, the new statute applied and superseded inconsistent provisions of other laws.

The claim here arose after September 1, 1945. The provisions of the new statute limiting the period of serving notice to sixty days and those of the local law limiting the same to ninety days are inconsistent. The provisions of the former are controlling and supersede the latter.

Judgment affirmed, with costs.